**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STACY UNDERWOOD,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 07-2079
(D.C. No. CIV-06-824 RB/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Plaintiff-appellant Stacy Underwood filed suit against the United States in

district court claiming a refund of FICA and Medicare taxes withheld from her

wages in 2003 and 2004, damages for unauthorized collection activities,

injunctive relief against collection, and requesting Internal Revenue Service

("IRS") documentation under the Freedom of Information Act ("FOIA"). The

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court granted the government's motion to dismiss, finding that it lacked subject matter jurisdiction over plaintiff's refund claim, damages claim, and request for injunctive relief and holding that plaintiff's FOIA claim was moot. The court denied plaintiff's separate application for a preliminary injunction to stop the government's collection activities because she had failed to show a substantial likelihood of success on the merits.

After this case was at issue on appeal, the government filed supplemental authority informing the court that the IRS had abated the penalties assessed against plaintiff and had issued her a refund for amounts already collected, plus interest. Thus, the government argued, the case is moot. Plaintiff responded contending that, while other issues may be moot, her claim for injunctive relief is not because "the issue is subject to repetition, yet evading review." Pl's. Letter to Court, Aug. 31, 2007, at 1. We disagree.

"In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quotations omitted). An exception to this general rule occurs in cases which are deemed to be "capable of repetition, yet evading review." *Id.* at 482 (quotation omitted). Application of this exception is "limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining

party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Neither of these conditions is present here.

Plaintiff hypothesizes that "nothing . . . would stop [the IRS] from arbitrarily reversing its position once again (after this appeal), and start[ing] its capricious collection actions once more." Pl's. Letter to Court, Aug. 31, 2007, at 1. To invoke the exception to mootness, however, plaintiff must do more than speculate about future possibilities. She must show a "'reasonable expectation'" or a "'demonstrated probability'" that this same controversy, involving herself and the government, will recur. *Murphy*, 455 U.S. at 482 (quoting *Weinstein*, 423 U.S. at 149). The Supreme Court "has never held that a mere physical or theoretical possibility was sufficient to satisfy the test stated in *Weinstein.*" *Id.*

Specifically with respect to an injunction, this court has held that "a plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (quotation omitted and alteration in original). Further, "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) (alteration in original)).

Plaintiff has not only failed to demonstrate a reasonable probability that the current controversy will recur, she has not even attempted to show that she would be without legal remedy should the IRS wrongly resume its collection activities.

We VACATE the district court's order and REMAND with instructions that the district court DISMISS this case as moot.

Entered for the Court


John C. Porfilio
Circuit Judge